IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **MEAGAN LACEY,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) Case No. 2:24-cv-01679-JHE |
| | ) |
| **FERGUSON ENTERPRISES,** | ) |
| **LLC d/b/a FERGUSON** | ) |
| **PLUMBING SUPPLY,** | ) |
| | ) |
| **Defendant.** | ) |

### DEFENDANT'S ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT

Defendant Ferguson Enterprises, LLC ("Defendant") submits this Answer and Defenses to Plaintiff Meagan Lacey's ("Plaintiff") Complaint (the "Complaint") and states as follows:

**I.     DEFENDANT'S ANSWER**

### PARTIES

1.     Plaintiff is a resident of Jefferson County, Alabama and is over the age of nineteen (19) years.

**RESPONSE:**     Defendant lacks sufficient knowledge to either admit or deny the factual allegations in paragraph 2, and accordingly they are denied.

2.     Plaintiff, for all times relevant to this action, was an "employee" of Defendant as defined under Title VII of the Civil Rights Act of 1964.

1

**RESPONSE:** The allegations in paragraph 2 of the Complaint contain legal conclusions to which no response is required. To the extent that paragraph 2 of the Complaint contains factual allegations, they are denied.

3. Defendant is a foreign corporation incorporated under the laws of Virginia, with its principal place of business being in the State of Virginia. Defendant's registered agent is Corporate Creations Network Inc., which can be served process at 4000 Eagle Point Corporate Drive, Birmingham, AL 35242.

**RESPONSE:** Admitted.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331, because this arises under the laws of the United States, 42 U.S.C. § 12117(a) because the action arises under Title VII of the Civil Rights Act of 1964, as amended.

**RESPONSE:** The allegations in paragraph 4 of the Complaint contain legal conclusions to which no response is required. To the extent that paragraph 4 of the Complaint contains factual allegations, they are denied.

5. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because the unlawful acts took place within Jefferson County, Alabama, which lies within the Southern Division of the United States District Court for the Northern District of Alabama.

**RESPONSE:** The allegations in paragraph 5 of the Complaint contain legal conclusions to which no response is required. To the extent that paragraph 5 of the Complaint contains factual allegations, they are denied.

## COMPLIANCE WITH JURISDICTIONAL REQUIREMENTS

6. Plaintiff has complied with the jurisdictional requirements on to wit: that on or about September 1, 2023, Plaintiff filed a Charge of Discrimination in employment with the Equal Employment Opportunity Commission (hereinafter "EEOC").

**RESPONSE:** Defendant admits that Plaintiff filed a Charge of Discrimination (Charge No. 420-2023-04157) with the U.S. Equal Employment Opportunity Commission. Plaintiff's allegation that she complied with jurisdictional requirements contain legal conclusions to which no response is required.

7. On September 9, 2024, the EEOC issued Plaintiff a Notification of a Right to Sue, and Plaintiff filed this Complaint within the ninety (90) day deadline. A copy of the notification is attached as "Exhibit A".

**RESPONSE:** Defendant lacks sufficient knowledge to either admit or deny the factual allegations in paragraph 2, and accordingly they are denied.

## FACTS

8. On or about June 14, 2021, Plaintiff began working for Defendant as a concierge at Defendant's Birmingham, Alabama location.

3

**RESPONSE:** Admitted.

9. Beginning in February 2023, Defendant's Site Manager, Andrew Stansell (hereinafter "Stansell"), began making sexual comments to Plaintiff.

**RESPONSE:** Denied.

10. Stansell made numerous inappropriate and sexual comments to Plaintiff throughout Plaintiff's employment.

**RESPONSE:** Denied.

11. On or around May 2023, Plaintiff's other supervisor, Brian Luff (hereinafter "Luff"), made racially motivated comments towards Plaintiff and began taking discriminatory actions towards Plaintiff.

**RESPONSE:** Denied.

12. On or around June 21, 2023, Plaintiff reported Stansell's harassment to her new manager, Katie Garrison (hereinafter "Garrison"), and requested leave for mental health reasons. Garrison indicated that she would speak with Stansell and Luff on Plaintiff's behalf.

**RESPONSE:** Defendant admits that Plaintiff informed Ms. Garrison that she was stressed and wanted to look into taking leave. Defendant denies the remaining allegations contained in paragraph 12 of the Complaint.

13. On or about June 27, 2023, Defendant terminated Plaintiff's employment.

4

**RESPONSE:**   Admitted.

## COUNT I
## VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED, 42 U.S.C. § 2000E ET SEQ.

### (Hostile Work Environment – Sexual Harassment)

14.   Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-13.

**RESPONSE:**   Defendant incorporates by reference its responses to the allegations contained in paragraphs 1 through 13 as if fully stated herein.

15.   Plaintiff is a female and a member of a protected class.

**RESPONSE:**   Defendant admits that Plaintiff is a female. The remaining allegations of paragraph 15 of the Complaint contain legal conclusions to which no response is required. To the extent that the remaining allegations of paragraph 15 of the Complaint contain factual allegations, they are denied.

16.   On or about February 2023, Stansell began making numerous sexual and inappropriate comments to Plaintiff. Examples of Stansell's comments include, but are not limited to, the following: (a) stating that the only reason Plaintiff's boyfriend would buy her a truck is because she "swallows"[1]; (b) commented that Plaintiff looked sexy in dresses and commented that her feet looked sexy; (c) ask

---

[1] Upon Information and Belief, Stansell's comment refers to acts performed by Plaintiff during oral sex.

5

how much dresses worn by Plaintiff cost and how she could afford such clothing; and (d) demanding that Plaintiff talk to him and stop acting weird.

**RESPONSE:**   Denied.

17.   Stansell's comments were often in front of Plaintiff's co-workers.

**RESPONSE:**   Defendant admits that any alleged comments occurred in a group setting. Defendant denies that such comments were made.

18.   Stansell continued to make such comments to and about Plaintiff for the remainder of Plaintiff's employment.

**RESPONSE:**   Denied.

19.   On or around June 21, 2023, Plaintiff complained to Garrison, and Garrison stated that she would talk to Stansell about his comments.

**RESPONSE:**   Denied.

20.   On or about June 27, 2023, Defendant terminated Plaintiffs employment.

**RESPONSE:**   Admitted.

21.   Defendant's conduct violates Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq., because it engaged in the practice of a hostile work environment against Plaintiff.

**RESPONSE:** The allegations in paragraph 21 of the Complaint contain legal conclusions to which no response is required. To the extent that paragraph 21 of the Complaint contains factual allegations, they are denied.

22. Defendant's discriminatory actions against Plaintiff violated Plaintiff's rights under Title VII of the Civil Rights Act of 1964, as amended, intentional, and done with malice and reckless disregard for Plaintiff's rights as guaranteed under the laws of the United States.

**RESPONSE:** The allegations in paragraph 22 of the Complaint contain legal conclusions to which no response is required. To the extent that paragraph 22 of the Complaint contains factual allegations, they are denied.

23. As a result of Defendant's unlawful discrimination, Plaintiff has suffered and continues to suffer emotional distress, mental anguish, monetary damages, and other damages.

**RESPONSE:** Defendant denies the factual allegations in paragraph 23 of the Complaint and denies that Plaintiff has been harmed or sustained any damages.

**COUNT II**
**VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED, 42 U.S.C. § 2000E ET SEQ.**

**(Hostile Work Environment – Racial Discrimination)**

24. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-13.

**RESPONSE:** Defendant incorporates by reference its responses to the allegations contained in paragraphs 1 through 13 as if fully stated herein.

25. Plaintiff is black and a member of a protected class.

**RESPONSE:** Defendant admits that Plaintiff is black. The remaining allegations of paragraph 25 of the Complaint contain legal conclusions to which no response is required. To the extent that the remaining allegations of paragraph 25 of the Complaint contain factual allegations, they are denied.

26. On or about May 9, 2023, Plaintiff parked in a handicap spot because there were no open parking spots. When discovered, Luff stated to Plaintiff that he hated, "people like her [Plaintiff]".

**RESPONSE:** Defendant admits that Plaintiff parked in a handicap spot on or about May 9, 2023. Defendant denies the remaining allegations of paragraph 26 of the Complaint.

27. Luff's comment was a thinly veiled racial comment regarding Plaintiff's race.

**RESPONSE:** Denied.

28. On or about May 12, 2023, Luff wrote Plaintiff up for being late to work.

**RESPONSE:** Admitted.

29. After being written up, Plaintiff called Luff to explain why she was late, but Luff failed/refused to answer Plaintiff's call.

**RESPONSE:** Denied.

30. On or around June 21, 2023, Plaintiff complained to Garrison about Luff, and Garrison stated that she would speak with Luff.

**RESPONSE:** Denied.

31. On or about June 27, 2023, Defendant terminated Plaintiff's employment.

**RESPONSE:** Admitted.

32. Defendant's discriminatory actions against Plaintiff violated Plaintiff's rights under Title VII of the Civil Rights Act of 1964, as amended, intentional, and done with malice and reckless disregard for Plaintiff's rights as guaranteed under the laws of the United States.

**RESPONSE:** The allegations in paragraph 32 of the Complaint contain legal conclusions to which no response is required. To the extent that paragraph 32 of the Complaint contains factual allegations, they are denied.

33. As a result of Defendant's unlawful discrimination, Plaintiff has suffered and continues to suffer emotional distress, mental anguish, monetary damages, and other damages.

WHEREFORE, Plaintiff demands judgment against Defendant for such damages as a jury may determine to be appropriate and for the costs of this action.

**RESPONSE:** Defendant denies the factual allegations in paragraph 33 of the Complaint and denies that Plaintiff has been harmed or sustained any damages.

**JURY DEMAND**

Plaintiff demands a trial by jury on issues alleged in this Complaint.

**RESPONSE:** Defendant admits that Plaintiff has demanded a trial by jury, except Defendant denies that Plaintiff has any valid cause of action against Defendant and denies that Plaintiff is entitled to a trial by jury on any theory. Defendant further denies that Plaintiff is entitled to a jury trial based on an agreement executed with Defendant, wherein she agreed to forego a trial by jury.

**II.   GENERAL DENIAL**

To the extent not expressly admitted, explained, qualified, or denied, Defendant denies the remaining allegations contained in the Complaint.

**III.   DEFENDANT'S DEFENSES**

Subject to and without waiving the foregoing and without waiving the burden of proof Plaintiff would ordinarily be required to carry on any element of any claim asserted by her, and in the alternative where necessary, Defendant states the following:

1. The Complaint, in whole or in part, fails to state a claim upon which relief may be granted.

2. Plaintiff has not sustained any cognizable injury by reason of any actions of the Defendant.

3. If Plaintiff has suffered damages, she is barred from recovery because she has failed to mitigate damages.

4. Plaintiff's claims are barred because Defendant undertook good faith efforts to prevent the type of misconduct alleged in the Complaint.

5. Defendant's employment practices as they relate to Plaintiff complied with all applicable laws, regulations, and regulatory rules.

6. Even if any alleged harassment or discrimination occurred, which Defendant denies, Plaintiff's claims are barred to the extent Plaintiff failed to put Defendant on notice of the alleged misconduct in a timely manner, failed to take advantage of preventative or corrective opportunities provided by Defendant, and failed to provide Defendant a reasonable opportunity to stop or correct the alleged misconduct and/or remedy the alleged harm.

7. Plaintiff's claims are barred because Defendant maintained, disseminated, and enforced a clear policy against harassment establishing reasonable and effective means of reporting and seeking relief from conduct believed to be harassing and because Defendant acted in accordance with this policy at all times.

8. Plaintiff's claims are barred because, to the extent Plaintiff reported any alleged harassment, discrimination, or retaliation, Defendant undertook good faith efforts to prevent the type of misconduct alleged in the Complaint and took prompt remedial action to stop and/or correct any such conduct.

9. Plaintiff's claims are barred because no severe or pervasive actions occurred.

10. Plaintiff's claims are barred to the extent she consented to the alleged conduct claimed to be sexual harassment by Defendant's employee and to the extent that the alleged conduct by Defendant's employee was not unwelcome by Plaintiff.

11. If any employee of Defendant committed any unlawful acts, which is denied, such acts were committed without authorization or notification, and such acts were outside the course and scope of any employee's duty.

12. Plaintiff is not entitled to some or all of the relief requested in the Complaint because, even if any unlawful discrimination or harassment occurred, which Defendant denies, such conduct was prohibited by Defendant's policies and was not committed, countenanced, ratified, or approved by higher management in Defendant's corporate structure.

13. All actions taken by Defendant, or its agents, were taken for legitimate business reasons, were done in good faith, and were not impermissibly based on any unlawful consideration or motive.

14.     Some or all of Plaintiff's claims are barred from being asserted in this forum because Plaintiff agreed to submit her claims to arbitration pursuant to a valid and binding agreement.

15.     Defendant reserves the right to assert additional defenses or affirmative defenses as established by the facts of the case.

WHEREFORE, having fully answered, Defendant prays that judgment be entered in its favor and for costs, including reasonable attorneys' fees.

| | |
|---|---|
| Dated: January 13, 2025 | Respectfully submitted, |

    **s/ David W. Langston**
David W. Langston (ASB-4458-N64D)
Zachary H. Starnes (ASB-7600-C00Q)
HARRIS, CADDELL & SHANKS, P.C.
214 Johnston Street SE
Decatur, Alabama 35601
Telephone: (256) 340-8048
Fax: (256) 340-8039
Email: dlangston@harriscaddell.com
Email: zstarnes@harriscaddell.com

David L. Greenspan (*pro hac vice* forthcoming)
D.C. Bar No. 1021256
MCGUIREWOODS LLP
1750 Tysons Boulevard, Suite 1800
Tysons, Virginia 22102
Telephone: (703) 712-5096
Fax: (703) 712-5214
Email: dgreenspan@mcguirewoods.com

Paul M. Chappell (*pro hac vice* forthcoming)
Texas Bar No. 24097489
MCGUIREWOODS LLP
2601 Olive Street, Suite 2100
Dallas, Texas 75201
Telephone: (214) 932-6400
Fax: (214) 932-6499
Email: pchappell@mcguirewoods.com

**ATTORNEYS FOR DEFENDANT FERGUSON ENTERPRISES, LLC**

## **CERTIFICATE OF SERVICE**

      I hereby certify that on January 13, 2025, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

| | |
|---|---|
| David J. Schatz<br>Virtus Law Group<br>2017 Morris Avenue, Suite 100<br>Birmingham, AL 35203<br>info@vlgal.com | Jon-Kaden Gutherie Mullen<br>McGlinchey Stafford<br>505 20th Street No., Suite 800<br>Birmingham, AL 35203<br>jm@vlgal.com |

                                                  **s/ David W. Langston**
                                                  David W. Langston (ASB-4458-N64D)
                                                  HARRIS, CADDELL & SHANKS, P.C.
                                                  214 Johnston Street SE
                                                  Decatur, Alabama 35601
                                                  Telephone: (256) 340-8048
                                                  Fax: (256) 340-8039
                                                  Email: dlangston@harriscaddell.com